**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |
|---|---|
| | ) |
| **ELECTRONIC PRIVACY** | ) |
| **INFORMATION CENTER** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil No. 14-1555 (TSC)** |
| | ) |
| **U.S. DEPARTMENT OF DEFENSE** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

_____

## PLAINTIFF'S OPPOSITION OF DEFENDANT'S MOTION FOR EXTENSION OF TIME

Plaintiff Electronic Privacy Information Center (EPIC) respectfully opposes Defendant Department of Defense's (DOD) motion for a 30-day extension to respond to EPICs Complaint. The Complaint arises out of EPIC's request under the Freedom of Information Act (FOIA) for records relating functionality and security of electronic voting systems. Defendant's response is due on October 20, 2014.

The Court should deny the motion because Defendant has failed to demonstrate good cause, an extension would cause irreparable harm to EPIC's interest in obtaining the documents it seeks, extension would frustrate the purpose of the FOIA, and those Judges in the D.C. Circuit who have established Standing Orders in FOIA cases strongly disfavor extensions of this type.

The Court should deny Defendant's Motion because it fails to show good cause, Fed. R. Civ. P 6(b)(1)., justifying an extension. Defendant argues in its motion that to "craft[] an appropriate response to Plaintiff's Complaint," it requires additional time to "understand the scope of Plaintiff's [FOIA] request." Def. Motion, ¶ 2. Defendant further states it requires more time "to gather additional information on the volume of potential responsive documents and ascertain the time and effort it will require the agency to process those documents." *Id.* Defendant merely describes the

tasks of every federal agency that must respond to a FOIA complaint. Defendant does not explain why the agency is presently unable to respond to EPIC's Complaint by the October 17 deadline, which is a routine deadline in civil proceedings. Defendant cannot show "good cause" to justify a delay in filing an Answer in response to a Complaint. Therefore the Court should deny Defendant's Motion.

The Court should also deny Defendant's Motion because an extension would irreparably harm EPIC's interest in the requested records. EPIC has a critical interest in quickly obtaining and disseminating the records sought from Defendant. The FOIA allows requesters to seek expedited processing if the request is made by "a person primarily engaged in disseminating information" and it pertains to a matter about which there is an "urgency to inform the public about an actual or alleged federal government activity. 5 U.S.C. § 552(a)(6)(E)(v)(II); *Al-Fayed v. CIA*, 254 F.3d 300, 306 (D.C. Cir. 2001).

In the FOIA request to the agency, EPIC sought expedited processing stating "[t]here is a particular urgency for the public to obtain information about the viability and security of online voting systems." EPIC's FOIA Request, at 3. Given the upcoming mid-term elections on November 4th, the public has an urgent interest in records regarding the accuracy and security of government-administered voting systems. An extension to November 20 as proposed by Defendant would permit the agency to submit its Answer after the mid-term elections. Such a delay would irreparably harm the public's interest in knowing whether the outcome of the mid-term elections was a result of fair voting.

Defendant's Motion for Extension should also be denied because an extension would frustrate the purpose of FOIA, which is to ensure an informed citizenry though "increase[d] . . . access to government records . . . ." *Sterling Drug, Inc. v. F.T.C.*, 450 F.2d 698, 706 (D.C. Cir.

1971). In furtherance of this purpose, the Act sets short time limits within which a federal agency must respond to a FOIA request. *See e.g.* 5 U.S.C. § 552(a)(6)(A)(i) (An agency is required to make an administrative "determination" on any FOIA request within 20 working days of receipt.). Only in "unusual circumstances" does FOIA grant an agency additional time, but even then the Act only allows 10 additional days. § 552(a)(6)(B). Through the Act, Congress established a statutory mechanism with the goal of prompt disclosure of government records. Defendant should not be permitted to delay EPIC's FOIA request simply because the Parties have moved from the administrative phase to litigation.

Those Judges in the D.C. Circuit who have established Standing Orders in FOIA cases strongly disfavor extensions of this type. *See, e.g.,* Standing Order for Civil Cases, EPIC v. CIA, Civil Action No. 14-01645 at 3 (BAH) (D.D.C. filed Oct. 4, 2014) (Judge Beryl A. Howell) ("Motions for extensions of time or for continuances of court proceedings are strongly discouraged."). Judge Howell requires parties seeking an extension, in addition to establishing good cause, to file "***at least 4 days prior*** to the deadline the motion is seeking to extend or the scheduled hearing date2 and state[]:

  i.  the original date of the deadline the motion is seeking to extend or the scheduled hearing date;
  ii.  the number of previous extensions of time or continuances granted to each party;
  iii.  the good cause supporting the motion;
  iv.  the effect, if any, that the granting of the motion will have on existing deadlines;
  v.  for motions, suggested deadlines (reached in consultation with the opposing party) for the filing of any opposition and reply papers; for continuances, three alternative dates and times that are convenient to all parties; and
  vi.  the opposing party's position on the motion, including any reasons given for refusing to consent, *see* LCvR 7(m).

*Id*. (emphasis in original).

For these reasons, EPIC respectfully asks the Court to deny Defendant's Motion for Extension of Time to respond to EPIC's Complaint.

Date: October 17, 2014          Respectfully submitted,

MARC ROTENBERG D.C. Bar #442825
EPIC Executive Director

*/s/     Ginger McCall*
GINGER MCCALL, D.C. Bar #1001104
Electronic Privacy Information Center
1718 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20009
Tel: (202) 483-1140
Fax: (202) 483-1248

**Attorneys for Plaintiff**