UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELECTRONIC PRIVACY INFORMATION CENTER** ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) | ) Civil No. 14-1555 (TSC) |
| **U.S. DEPARTMENT OF DEFENSE** ) ) ) | |
| Defendant. ) ) | |

### PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME

Plaintiff Electronic Privacy Information Center (EPIC) submits the following supplemental opposition to Defendant Department of Defense's (DOD) motion for a 30-day extension to respond to EPICs Complaint. EPIC failed to bring to the Court's attention in its original Opposition a principle of professional responsibility that bears on the Court's consideration of this matter and respectfully requests the Court to consider this supplemental motion. Under the Principles adopted by the D.C. Board of Governors Defendant's request for an extension should not be granted because (1) it is not reasonable, and (2) the extension adversely affects the client's interest.

Lawyers in the District of Columbia "will agree to reasonable requests for extensions of time and for waiver of procedural formalities provided our clients' interests will not be adversely affected." D.C. Board of Governors, Principles of General Applicability: Lawyers Duties to Other Counsel, Parties and the Judiciary (1997), *reprinted in* Rules for the United States District Court for the District of Columbia at 130 (updated May 2014) ("Scheduling Matters"). Defendant's request for an extension violates the D.C. Board of Governors Principle regarding scheduling in two respects.

1

First, it is not reasonable for the Defendant to seek a delay for a routine deadline established by the rules of civil procedure. The Federal Rules of Civil Procedure grant a federal agency 30 days after service in which to submit its answer. *See* Fed. R. Civ. P. 4(i). Defendant was properly served and has until October 20, 2014 to respond to EPIC's Complaint. Defendant's request to deviate from this routine deadline for all civil proceedings is simply not reasonable.

Second, in a FOIA case where the requester seeks expedited processing, an extension of time is necessarily adverse to the client's interest. The Act sets out a specific provision for the expedition of FOIA requests. 5 U.S.C. § 552(a)(6)(E)(v)(II). EPIC represents itself in this matter. EPCI has properly asserted a basis for expedited processing. EPIC FOIA Request at 3. Defendant's request for a month-long delay is contrary not only to the deadlines set out in the statute but also to the request for expedited processing in the matter before the Court.

The D.C. Board of Governors Principle regarding scheduling provides further support for EPIC's opposition to Defendant's motion.

For these additional reasons, EPIC respectfully asks the Court to deny Defendant's Motion for Extension of Time.

Date: October 20, 2014            Respectfully submitted,

                                  MARC ROTENBERG
                                  Executive Director

                                  */s/      Ginger McCall*
                                  GINGER MCCALL, D.C. Bar #1001104
                                  Electronic Privacy Information Center
                                  1718 Connecticut Avenue, N.W.
                                  Suite 200
                                  Washington, D.C. 20009
                                  Tel: (202) 483-1140
                                  Fax: (202) 483-1248

                                  **Attorneys for Plaintiff**