# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF DEFENSE,<br><br>*Defendant*. | Civil Action No. 14-cv-1555 (TSC) |

## ANSWER

Defendant United States Department of Defense, through undersigned counsel, hereby answers Plaintiff Judicial Watch, Inc.'s Complaint ("Complaint") as follows:

## COMPLAINT

1.  The allegation contained in paragraph 1 of the Complaint consists of Plaintiff's legal conclusion regarding the nature of the complaint, to which no response is required.

2.  The allegation contained in paragraph 2 of the Complaint consists of Plaintiff's legal conclusion, to which no response is required.

### Jurisdiction and Venue

3.  The allegation contained in paragraph 3 of the Complaint consists of Plaintiff's legal conclusion regarding jurisdiction and venue, to which no response is required.

### Parties

4.  Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 4 of the Complaint.

5. Defendant admits that it is an agency of the United States Government and that it is headquartered at 1400 Defense Pentagon, Washington, DC 20301. Defendant further admits that it administers the FVAP.

6. The allegations in Paragraph 6 summarizes a book by the title "Broken Ballots: Will Your Votes Count?" and the book speaks for itself.

7. Defendant admits the allegations of Paragraph 7.

8. Defendant admits to the first sentence of Paragraph 8. Except for the foregoing admission, Defendant denies the remaining allegations.

9. The allegations in paragraph 9 characterize the budget request to Congress and that document speaks for itself. Defendant denies the allegations in Paragraph 9 to the extent that they mischaracterize the budget request.

10. Defendant admits that FVAP launched EASE. Except for the foregoing admission, Defendant denies the remaining allegations.

11. Defendant denies the allegations in Paragraph 11.

12. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 12 and, therefore, denies the allegations

13. The allegations in Paragraph 13 characterize hearing and the transcript of that hearing speaks for itself. Defendant denies the allegations in Paragraph 13 to the extent that they mischaracterize the hearing.

14. The allegations in Paragraph 14 characterize remarks made by FVAP deputy director and the remarks speak for themselves. Defendant denies the allegations in Paragraph 14 to the extent that they mischaracterize those remarks.

15. The allegations in Paragraph 15 characterize remarks made by FVAP deputy director and the remarks speak for themselves. Defendant denies the allegations in Paragraph 15 to the extent that they mischaracterize those remarks.

16. The allegations in Paragraph 16 characterize a letter dated August 13, 2012, by the California Secretary of States and letter speaks for itself. Defendant denies the allegations in Paragraph 16 to the extent that they mischaracterize that letter.

17. The allegations in Paragraph 17 characterize FVAP's response dated September 25, 2012, and the response speaks for itself. Defendant denies the allegations in Paragraph 17 to the extent that they mischaracterize that response.

18. The allegations in Paragraph 18 characterize a Congressional hearing in 2012 and the record of that Congressional hearing speaks for itself. Defendant denies the allegations in Paragraph 18 to the extent that they mischaracterize the hearing.

19. The allegations in Paragraph 19 characterize the statement by Representative Susan Davis and her statement speaks for itself. Defendant denies the allegations in Paragraph 19 to the extent that they mischaracterize her statement.

20. The allegations in Paragraph 19 characterize the statement by Representative Susan Davis and her statement speaks for itself. Defendant denies the allegations in Paragraph 20 to the extent that they mischaracterize her statement.

21. The allegations in Paragraph 21 characterize a Congressional hearing in 2012 and the record of that Congressional hearing speaks for itself. Defendant denies the allegations in Paragraph 21 to the extent that they mischaracterize the hearing.

22.     The allegations in Paragraph 22 characterize a Congressional hearing in 2012 and the record of that Congressional hearing speaks for itself. Defendant denies the allegations in Paragraph 22 to the extent that they mischaracterize the hearing.

23.     The "documents" alleged in paragraph 23 are vague and, therefore, Defendant is without sufficient knowledge or information to admit or deny the allegations.

24.     Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 24.

25.     The allegations in Paragraph 25 appear to characterize a FOIA request submitted by Susan Greenhalgh and the FOIA request speaks for itself. Defendant denies the allegations in Paragraph 25 to the extent that they mischaracterize the FOIA request

26.     The allegations in Paragraph 26 characterize a FOIA request response dated April 24, 2012, and that response speaks for itself. Defendant denies the allegations in Paragraph 26 to the extent that they mischaracterize the response.

27.     The allegations in Paragraph 27 characterize Plaintiff's July 17, 2014 FOIA request, which speaks for itself. Defendant denies the allegations in Paragraph 27 to the extent that they mischaracterize that FOIA request.

28.     Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 28.

29.     The allegations in Paragraph 29 characterize an article published on-line and that article speaks for itself. Defendant denies the allegations in Paragraph 29 to the extent that they mischaracterize that article.

30. The allegations in Paragraph 30 characterize an article published on-line and that article speaks for itself. Defendant denies the allegations in Paragraph 30 to the extent that they mischaracterize that article.

31. The allegations in Paragraph 31 characterize an article published on-line and that article speaks for itself. Defendant denies the allegations in Paragraph 31 to the extent that they mischaracterize that article.

32. Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 32.

33. Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 33.

**EPIC's FOIA Request**

34. Defendant incorporates its responses to Paragraphs 1-33 above herein.

35. The allegations in Paragraph 35 characterize Plaintiff's July 17, 2014 FOIA request, which speaks for itself. Defendant denies the allegations in Paragraph 35 to the extent that they mischaracterize that FOIA request.

36. Admit.

37. The allegations in Paragraph 37 characterize Plaintiff's July 17, 2014 FOIA request, which speaks for itself. Defendant denies the allegations in Paragraph 37 to the extent that they mischaracterize that FOIA request.

38. The allegations in Paragraph 38 characterize Plaintiff's July 17, 2014 FOIA request, which speaks for itself. Defendant denies the allegations in Paragraph 38 to the extent that they mischaracterize that FOIA request.

39. The allegations in Paragraph 39 characterize Plaintiff's July 17, 2014 FOIA request, which speaks for itself. Defendant denies the allegations in Paragraph 39 to the extent that they mischaracterize that FOIA request.

40. The allegations in Paragraph 40 characterize Plaintiff's July 17, 2014 FOIA request, which speaks for itself. Defendant denies the allegations in Paragraph 40 to the extent that they mischaracterize that FOIA request.

41. The allegations in Paragraph 41 characterize Plaintiff's July 17, 2014 FOIA request, which speaks for itself. Defendant denies the allegations in Paragraph 41 to the extent that they mischaracterize that FOIA request.

42. The allegations in Paragraph 42 characterize Plaintiff's July 17, 2014 FOIA request, which speaks for itself. Defendant denies the allegations in Paragraph 42 to the extent that they mischaracterize that FOIA request.

43. The allegations in Paragraph 43 characterize Defendant's letter dated July 31, 2014, which speaks for itself. Defendant denies the allegations in Paragraph 43 to the extent that they mischaracterize that letter.

44. The allegations in Paragraph 44 characterize Defendant's letter dated July 31, 2014, which speaks for itself. Defendant denies the allegations in Paragraph 44 to the extent that they mischaracterize that letter.

45. The allegations in Paragraph 45 characterize Defendant's letter dated July 31, 2014, which speaks for itself. Defendant denies the allegations in Paragraph 45 to the extent that they mischaracterize that letter.

46. The allegations in Paragraph 46 characterize Defendant's letter dated July 31, 2014, which speaks for itself.  Defendant denies the allegations in Paragraph 46 to the extent that they mischaracterize that letter.

### **EPIC Has Constructively Exhausted Its Administrative Remedies**

47. Defendant incorporates by reference the responses to Paragraphs 1-46 herein.

48. Admit.

49. Paragraph 49 contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies paragraph 49.

50. Paragraph 50 contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies paragraph 50.

51. Paragraph 51 contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies paragraph 51.

### **Count I**

52. Defendant incorporates by reference the responses to Paragraphs 1-51 herein.

53. Paragraph 53 contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies paragraph 53.

54. Paragraph 54 contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies paragraph 54.

### **Count II**

55. Defendant incorporates by reference the responses to Paragraphs 1-54 herein.

56. Paragraph 56 contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies paragraph 56.

57. Paragraph 57 contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies paragraph 57.

58. Paragraph 58 contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies paragraph 58.

59. Paragraph 59 contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies paragraph 59.

## Count III

60. Defendant incorporates by reference the responses to Paragraphs 1-59 herein.

61. The allegations in Paragraph 61 characterize Plaintiff's July 17, 2014 FOIA request, which speaks for itself.  Defendant denies the allegations in Paragraph 61 to the extent that they mischaracterize that FOIA request.

62. Paragraph 62 contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies paragraph 62.

63. Paragraph 63 contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies paragraph 63.

64. Paragraph 64 contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies paragraph 64.

## Count IV

65. Defendant incorporates by reference the responses to Paragraphs 1-64 herein.

66. The allegations in Paragraph 66 characterize Plaintiff's July 17, 2014 FOIA request, which speaks for itself.  Defendant denies the allegations in Paragraph 66 to the extent that they mischaracterize that FOIA request.

67. Paragraph 67 contains conclusions of law, to which no response is required. To the extent a response is required, Defendant denies paragraph 67.

68. Paragraph 68 contains conclusions of law, to which no response is required. To the extent a response is required, Defendant denies paragraph 68.

69. Paragraph 69 contains conclusions of law, to which no response is required. To the extent a response is required, Defendant denies paragraph 69.

70. Paragraph 70 contains conclusions of law, to which no response is required. To the extent a response is required, Defendant denies paragraph 70.

## **Requested Relief**

The unnumbered paragraph beginning with "WHEREFORE" constitutes Plaintiff's request for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the requested relief or any other relief from Defendant.

Defendant hereby denies all allegations in Plaintiff's Complaint not expressly answered or qualified herein.

November 3, 2014.                    Respectfully submitted,

                                     RONALD C. MACHEN JR., D.C. BAR# 447889
                                     United States Attorney

                                     DANIEL F. VAN HORN, D.C. BAR # 924092
                                     Chief, Civil Division

            _____//s//_____
            JOHN TRUONG, D.C. BAR # 465901
            Assistant United States Attorney
            555 4th Street, N.W.
            Washington, D.C.  20530
            (202) 252-2524
            John.Truong@usdoj.gov

            Counsel for Defendant

Of Counsel:
Mark Herrington, Esq.