UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF DEFENSE,<br><br>*Defendant.* | Civil Action No. 14-cv-1555 (TSC) |

## STIPULATION OF SETTLEMENT AND DISMISSAL

Plaintiff Electronic Privacy Information Center, by and through undersigned counsel, and Defendant, the United States Department of Defense, by and through the United States Attorney for the District of Columbia, hereby agree and stipulate that the above-captioned civil action shall be settled and dismissed on the following terms:

1. <u>Settlement Payment</u>. Defendant shall pay Plaintiff the total sum of $6,500.00 (Six Thousand Five Hundred Dollars). This payment shall be made by an electronic transfer of funds as specified in instructions provided to Defendant's counsel by Plaintiff's counsel in writing. Payment shall be made as promptly as practicable, consistent with the normal processing procedures followed by the Defendant, following the dismissal of the above-captioned civil action. Plaintiff and Plaintiff's counsel shall co-operate with Defendant to insure that all documentation required to process this payment is complete and accurate. This payment is inclusive of all Plaintiff's attorney's fees, costs, and other litigation expenses, and Defendant shall have no further liability for those fees, costs, and expenses. For further clarity, this

payment shall not be construed as an award of compensatory or punitive damages. Plaintiff and Plaintiff's counsel shall be responsible for the distribution of the payment, among themselves.

2. Dismissal with Prejudice. Defendant's counsel may file the fully executed Stipulation with the Court at any time after the date on which the Stipulation was signed by both Plaintiffs and Defendant, and such filing shall constitute a dismissal of the above-captioned civil action with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), except that the Court shall retain jurisdiction to enforce the terms of this Stipulation. Promptly after the dismissal of the above-captioned civil action, Plaintiffs shall, as necessary, dismiss with prejudice any pending administrative complaints regarding Plaintiff's Freedom of Information Act ("FOIA") request in the above-captioned case.

3. Release. This Stipulation provides for the full and complete satisfaction of all claims which have been or could have been asserted by Plaintiff in the above-captioned civil action and any pending administrative complaints regarding the FOIA Request in this case.

4. No Assignment. Plaintiff represents and warrants that it is the sole lawful owner of all the rights and claims which it has settled and released herein, and that it has not transferred or assigned any of those rights and claims or any interest therein. Plaintiff shall indemnify, hold harmless, and defend the Defendant, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from and against any transferred, assigned, or subrogated interests in those rights and claims.

5. No Admission of Liability. This Stipulation has been entered into by Plaintiff and Defendant solely for the purposes of compromising disputed claims without protracted legal proceedings and avoiding the expense and risk of such litigation. Therefore, this Stipulation is not intended and shall not be deemed an admission by either party of the merit or

lack of merit of the opposing party's claims and defenses. Without limiting the generality of the foregoing, this Stipulation does not constitute, and shall not be construed as, an admission that Defendant, or any of the Defendant's present or former employees or agents violated any of Plaintiffs' rights or any laws or regulations, or as an admission of any contested fact alleged by Plaintiffs in connection with this case or otherwise. This Stipulation may not be used as evidence or otherwise in any civil or administrative action or proceeding against Defendant, or any of its agencies or officials or present or former employees or agents, either in their official or individual capacities, except for proceedings necessary to implement or enforce the terms hereof.

6.  Tax Consequences. Plaintiff acknowledges that it has not relied on any representations by Defendant or Defendant's employees or agents as to the tax consequences of this Stipulation or any payments made by or on behalf of Defendant hereunder. Plaintiff shall be solely responsible for compliance with all federal, state, and local tax filing requirements and other obligations arising from this Stipulation that are applicable to Plaintiff.

7.  Entire Agreement. This Stipulation contains the entire agreement between the parties hereto and supersedes all previous agreements, whether written or oral, between the parties relating to the subject matter hereof. No promise or inducement has been made except as set forth herein, and no representation or understanding, whether written or oral, that is not expressly set forth herein shall be enforced or otherwise be given any force or effect in connection herewith.

8.  Amendments. The terms of this Stipulation may not be modified or amended, and no provision hereof shall be deemed waived, except by a written instrument signed by the party to be charged with the modification, amendment, or waiver.

9. <u>Construction</u>. The parties acknowledge that the preparation of this Stipulation was collaborative in nature, and so agree that any presumption or rule that an agreement is construed against its drafter shall not apply to the interpretation of this Stipulation or any term or provision hereof.

10. <u>Headings</u>. The paragraph headings in this Stipulation have been inserted for convenience of reference only, and shall not limit the scope or otherwise affect the interpretation of any term or provision hereof.

11. <u>Severability</u>. The provisions of this Stipulation are severable, and any invalidity or unenforceability of any one or more of its provisions shall not cause the entire agreement to fail or affect the validity or enforceability of the other provisions herein, which shall be enforced without the severed provision(s) in accordance with the remaining provisions of this Stipulation.

12. <u>Further Assurances</u>. Each party agrees to take such actions and to execute such additional documents as may be necessary or appropriate to fully effectuate and implement the terms of this Stipulation.

13. <u>Right to Cure</u>. If either Plaintiff or Defendant at any time believes that the other party is in breach of this Stipulation, that party shall notify the other party of the alleged breach. The other party shall then have thirty (30) days to cure the breach or otherwise respond to the claim. The parties shall make a good faith effort to resolve any dispute arising from or regarding this Stipulation before bringing the dispute to the Court's attention.

14. <u>Notices</u>. Any notice required or permitted to be given pursuant to this Stipulation shall be in writing and shall be delivered by hand, or transmitted by fax or by e-mail, addressed as follows or as each party may subsequently specify by written notice to the other:

| | |
|---|---|
| If to Plaintiff: | Electronic Privacy Information Center (EPIC)<br>1718 Connecticut Avenue NW, Suite 200<br>Washington, D.C. 20009<br>202-483-1140<br>rotenberg@epic.org |
| with a copy to: | Alan Butler<br>Senior Counsel<br>Electronic Privacy Information Center<br>1718 Connecticut Avenue NW, Suite 200<br>Washington, D.C. 20009<br>202-483-1140<br>butler@epic.org |
| If to Defendant: | Mark Herrington<br>Associate Deputy General Counsel<br>U.S. Department of Defense Office of General Counsel<br>1600 Defense Pentagon, Room 3B688<br>Washington, D.C. 20301-1600<br>703-571-0799<br>mark.h.herrington2.civ@mail.mil<br>mark.h.herrington2.civ@mail.smil.mil |
| with copy to: | John C. Truong<br>Assistant United States Attorney<br>555 Fourth Street, N.W.<br>Washington, D.C. 20530<br>(202) 252-2599 (fax)<br>John.Truong@usdoj.gov |

15. <u>Execution</u>. This Stipulation may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement. A facsimile, electronically generated, or other duplicate of a signature shall have the same effect as a manually-executed original.

16. <u>Governing Law</u>. This Stipulation shall be governed by the laws of the District of Columbia, without regard to the choice of law rules utilized in that jurisdiction, and by the laws of the United States.

17. <u>Binding Effect</u>. Upon execution of this Stipulation by all parties hereto, this Stipulation shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, administrators, successors, and assigns. Each signatory to this Stipulation represents and warrants that he or she is fully authorized to enter into this Stipulation.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have executed this Stipulation on the date shown below.

Respectfully submitted,

| MARC ROTENBERG<br>D.C. BAR # 422825<br>President<br><br>By: _____<br>ALAN JAY BUTLER<br>D.C. BAR #1012128<br>Senior Counsel<br>Electronic Privacy Information Center (EPIC)<br>1718 Connecticut Avenue NW, Suite 200<br>Washington, D.C. 20009<br>Tel: (202) 483-1140<br>Fax: (202) 483-1248<br>E-mail: butler@epic.org | VINCENT H. COHEN, JR.<br>D.C. BAR # 471489<br>Acting United States Attorney<br><br>DANIEL F. VAN HORN<br>D.C. BAR # 924092<br>Chief, Civil Division<br><br>By: _____<br>JOHN C. TRUONG<br>D.C. BAR #465901<br>Assistant United States Attorney<br>555 4th Street, N.W.<br>Washington, D.C. 20530<br>Tel: (202) 252-2524<br>Fax: (202) 252-2599<br>E-mail: John.Truong@usdoj.gov |
|---|---|